IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ismail Dickerson, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:17-cv-3278-TLW |
| v. ) | |
| ) | |
| The State of South Carolina; ) | |
| County of Charleston; and City of ) | |
| Charleston, for actions of City of ) | **ORDER** |
| Charleston Police Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Ismail Dickerson brought this action, *pro se*, pursuant to 42 U.S.C. § 1983 alleging false arrest, false imprisonment, deprivation of personal property, and personal injury claims. ECF No. 1. This matter now comes before the Court for review of the Report and Recommendation (the "Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.). ECF No. 8. The Report recommends that this case be dismissed without prejudice and without issuance and service of process. *Id.* Plaintiff filed Objections to the Report, ECF No. 10, along with multiple motions to add defendants and to appoint counsel. ECF Nos. 12, 13, 14.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections …. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those

portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed, *de novo*, the Report, the applicable law, the Objections, and Plaintiff's motions. After the Report was issued, Plaintiff filed multiple motions seeking to add numerous defendants to this case. ECF No. 12, 14. According to Rule 15(a), the Court concludes that Plaintiff should be allowed to amend his complaint to add Defendants as he requests in his motions. Fed. R. Civ. P. 15(a). Because the Court is granting leave to amend, this case should be remitted to the Magistrate Judge for further proceedings.

Thus, it is **ORDERED** that the Plaintiff's motions to add defendants, ECF Nos. 12, 14, are **GRANTED.** Plaintiff is directed to file an amended complaint within twenty (20) days of notice of the entry of this order Additionally, Plaintiff has filed a motion to appoint counsel. ECF No. 13. In light of the decision to allow Plaintiff to amend his complaint, the motion to appoint counsel is deemed **MOOT**. Plaintiff's motion to appoint counsel may be refiled should he choose to amend his complaint. If refiled, the Magistrate Judge can address this issue. Accordingly, this case is remitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

                                                              *s/Terry L. Wooten*
                                                 Senior United States District Judge

March 29, 2019
Columbia, South Carolina